IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MAYER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CARLOS MASCAREHAS, | : | No. 08-3323 |
|     Defendant. | : | |

MEMORANDUM

**Schiller, J.**                                                                                                                **August 4, 2009**

      Plaintiff Patricia Mayer brings this action against Defendant Carlos Mascarehas to recover for injuries she sustained when Defendant's dog bit her on November 28, 2006. Currently before the Court is Plaintiff's motion for partial summary judgment on the issue of Defendant's liability. For the following reasons, Plaintiff's motion is granted.

**I.    BACKGROUND**

      On November 28, 2006, Defendant's roommate, Rob Summers, invited Plaintiff to Defendant's house to watch a movie. (Pl.'s Statement of Undisputed Facts [hereinafter "Pl.'s SOF"] ¶ 3; Def.'s Resp. to Pl.'s Statement of Undisputed Facts [hereinafter "Def.'s Resp."] ¶ 3.) When Mayer and Summers arrived at the house, Summers introduced her to Defendant. (Pl.'s SOF ¶ 6; Def.'s Resp. ¶ 6.) Defendant did nothing to indicate that Plaintiff should not be on the premises nor to suggest that she was not welcome on his property. (Pl.'s SOF ¶ 6; Def.'s Resp. ¶ 6.)

      Shortly after Mayer and Summers entered the residence, Defendant's English Mastiff neared Plaintiff. (Pl.'s SOF ¶¶ 2, 7; Def.'s Resp. ¶¶ 2, 7.) Plaintiff approached the dog to pet it. (Pl.'s SOF ¶ 8; Def.'s Resp. ¶ 8.) According to Plaintiff, while she was petting the dog, it jumped up and bit

her nose. (Pl.'s SOF ¶¶ 9, 11.) According to Defendant, who did not see the incident, Plaintiff told Defendant that the dog bit her after she had grabbed and shaken the dog's face while saying "he's so cute." (Pl.'s Ex. 5 [Pl.'s Interrogs.] at No. 8 & Ex. 6 [Def.'s Resps. to Pl.'s Interrogs.] at No. 8; Def.'s Ex. A [Excerpts from Mascaheras Dep.] at 13-14.)

It is undisputed that this was the first time that Plaintiff had contact with Defendant's dog. (Pl.'s SOF ¶¶ 4-5; Def.'s Resp. ¶¶ 4-5.) It is also undisputed that no one warned Plaintiff that the dog had a tendency to bite. (Pl.'s SOF ¶ 12(e); Def.'s Resp. ¶ 12(e).)

Plaintiff's Complaint asserted claims of strict liability, pursuant to New Jersey's "dog bite" statute, and negligence and sought damages for the injuries Plaintiff sustained as a result of the dog bite. Plaintiff has dropped her negligence claim and now moves for summary judgment on the issue of liability on her statutory claim. (Pl.'s Mot. for Partial Summ. J. ¶ 3.) The parties have stipulated that this case is governed by New Jersey law.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "Where the record taken as a whole would not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). Furthermore, a court may not make credibility determinations or weigh the evidence in making its determination. *See*

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

**III.   DISCUSSION**

New Jersey's dog bite statute states:

> The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

N.J. STAT. ANN. § 4:19-16 (West 2009).

Plaintiff must prove three elements to establish liability under the statute: (1) that Defendant owns the dog; (2) that the dog bit Plaintiff; and (3) that the bite occurred while Plaintiff was lawfully on Defendant's property. *DeRobertis ex. rel. DeRobertis v. McCarthy*, 462 A.2d 1260, 1264 (N.J. 1983). The statute specifies that "a person is lawfully upon the property of such owner . . . when he is on such property upon the invitation, express or implied, of the owner thereof." N.J. STAT. ANN. § 4:19-16. In this context, the word "invitation" should be "constru[ed] broadly to include all those who have express or implied permission to be on the owner's property." *DeRobertis*, 462 A.2d at 1264.

It is undisputed that Plaintiff was bitten by Defendant's dog. Thus, the first two elements of Plaintiff's case are satisfied. It is also undisputed that Plaintiff was invited into Defendant's home by Summers. Because Defendant never indicated that she was not welcome on his property, Plaintiff has established the requisite "implied permission" under the statute. Since the record conclusively establishes that Plaintiff was bitten by Defendant's dog while she was lawfully on his property, Plaintiff is entitled to summary judgment that Defendant is liable for the damages caused by his dog.

*See Pingaro v. Rossi*, 731 A.2d 523, 527 (N.J. Super. 1999) ("Satisfaction of the elements of the statute imposes strict liability upon [a defendant] for damages sustained by plaintiff.").

Defendant does not dispute that Plaintiff has satisfied the three elements necessary to prove her case. He argues, however, that because Plaintiff grabbed the dog's face, the issue of comparative negligence must be submitted to a jury.

Comparative negligence is a defense to an action brought pursuant to the dog bite statute. *Budai v. Teague*, 515 A.2d 822, 824 (N.J. Super. 1986). To succeed on this defense, a defendant must prove that the "plaintiff knew the dog had a propensity to bite either because of the dog's known viciousness or because of the plaintiff's deliberate acts intended to incite the animal." *Id.* at 824. In contrast, a plaintiff's mere negligence does not constitute a defense to liability. *Id.* at 824-25.

Defendant's contention that Plaintiff was comparatively negligent lacks teeth. The record is devoid of evidence that Plaintiff knew that the dog had vicious tendencies or that she intended to incite the dog. Defendant does not even argue to the contrary. Indeed, it is undisputed that this was Plaintiff's first interaction with the dog and that no one warned Plaintiff that the dog might bite her if she tried to pet him. (Pl.'s SOF ¶¶ 5, 12(e); Def.'s Resp. ¶¶ 5, 12(e).) Nor did the dog bark, growl or give any other indication that it might bite. (Pl.'s SOF ¶ 12(b); Def.'s Resp. ¶ 12(b).) Furthermore, it is undisputed that Plaintiff sought only to pet the dog. (Pl.'s SOF ¶ 8; Def.'s Resp. ¶ 8.) Even accepting Defendant's contention that Plaintiff grabbed the dog's face when she sought to pet it, this at most constitutes negligence, which is insufficient to preclude summary judgment. *See Budai*, 515 A.2d at 824 (plaintiff's touching of dog's ear, which appeared irritated, prior to being bitten amounted to nothing more than "mere negligence" insufficient to preclude summary

judgment); *see also Pingaro*, 731 A.2d at 525 (when there exists an absence of evidence that the plaintiff excited the dog or unreasonably exposed herself to a known risk, there is "no basis in law to submit the issue of plaintiff's negligence to [a] jury").

## IV.  CONCLUSION

The record conclusively establishes that Plaintiff was bitten by Defendant's dog while she was lawfully on Defendant's property and that no basis exists for a comparative negligence defense. Accordingly, Plaintiff is entitled to summary judgment that Defendant is liable for her damages, pursuant to the New Jersey dog bite statute.